UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| JUSTIN T. HAYNES,<br><br>        Petitioner,<br><br>  v.<br><br>CHRISTOPHER RIVERS, Warden, United States Penitentiary Thomson,<br><br>        Respondent. | No. 20 C 50024<br><br>Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

Justin Haynes is incarcerated at the United States Penitentiary in Thomson, Illinois, in the custody of Warden Christopher Rivers. Haynes has filed a petition for writ of habeas corpus pursuant to 28 U.SC. § 2241 to challenge his sentence based on *Mathis v. United States*, 136 S. Ct. 2243 (2016). The Warden responded arguing that the petition should be dismissed because Haynes is ineligible to file a petition under 28 U.S.C. § 2255(e). For the following reasons, Haynes's petition is granted.

**Analysis**

Haynes was indicted in the Western District of Oklahoma—a district within the Tenth Circuit—and pled guilty to being a felon in possession of a gun. The sentencing court found that Haynes had three prior convictions for "violent felonies" which served to enhance his sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e). This finding increased the penalty for Haynes's crime from a

maximum 10 years' imprisonment to a mandatory 15 years' imprisonment and a maximum of life. He was sentenced to 15 years' imprisonment.

One of Haynes's prior convictions was for burglary in Oklahoma. The government concedes that the Supreme Court's decision in *Mathis*, and the Tenth Circuit's application of *Mathis* to the relevant Oklahoma statute, means that the Armed Career Criminal Act enhancement should not have been applied to Haynes at sentencing. Thus, the government concedes that binding precedent requires the Court to grant Haynes's petition if he is eligible to bring it under the so-called "savings clause," 28 U.S.C. § 2255(e).

Haynes previously filed a § 2255 petition in the Western District of Oklahoma, which was found to be untimely. He then filed two petitions in the Tenth Circuit to bring successive § 2255 petitions, both of which were denied. In most circumstances, Haynes's prior petitions bar him from filing further petitions. But the savings clause provides that a prisoner may file a petition pursuant to § 2241 if it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." *See Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019) ("If, however, § 2255 is 'inadequate or ineffective to test the legality of [the prisoner's] detention,' relief may be granted under § 2241, the general federal habeas corpus statute, in the district of incarceration.").

Section 2241 requires petitions to be filed in the court of incarceration. And since Haynes is currently incarcerated within the Northern District of Illinois, he properly filed his petition here. The government concedes that according to Seventh

2

Circuit precedent, Haynes is entitled to substantive review of his § 2241 petition, because it is based on the change of law made in the *Mathis* case. And since the government has also conceded that Haynes was improperly sentenced under *Mathis*, if the Seventh Circuit's interpretation of the savings clause applies here, the Court must grant Haynes's petition.

The government contends, however, that Tenth Circuit law interpreting the scope of the savings clause should govern in this case because the Tenth Circuit is the court of conviction. Both sides agree that Tenth Circuit precedent interprets the savings clause more narrowly than the Seventh Circuit, such that Haynes would be barred from seeking relief under § 2255(e) and § 2241. The government argues that the law of the court of conviction should be applied because the court that ruled on a defendant's initial § 2255 petition and request to file a successive petition should also govern access to § 2255's savings clause. The government also worries that if the law of the court of incarceration applies, defendants will inappropriately attempt to engineer their transfer to a circuit with a broader interpretation of the savings clause—forum shopping of the most unsavory sort.

The Court is skeptical that fears of such forum shopping are well founded or should influence an issue of statutory interpretation. Prisoners have no control over where they are designated to serve their sentence. For instance, Thomson, where Haynes is incarcerated, is a high security penitentiary. There are six other high security penitentiaries in the system, with one located in the Ninth Circuit, two in the Third Circuit, two in the Sixth Circuit, and one in the Fourth Circuit. Even if a

3

prisoner modified his behavior to require a high security prison, he could not do so to game the system and predict the law that would govern a § 2241 petition.

Nevertheless, this concern might serve to tip the scales on an issue of divided authority. But the government concedes that no court has applied the law of the court of conviction in determining the scope of the savings clause. *See* R. 33 at 5-6 ("[The government] acknowledges that courts that have applied the law of the circuit of conviction in evaluating § 2241 petitions brought under the saving clause have done so only with respect to the substantive law of that circuit, while applying the saving clause test of the circuit in which they sit."). The Seventh Circuit recently identified this as an issue, but declined to reach it. *See Chazen*, 938 F.3d at 860 ("We need not decide this issue here because the government took the position in the district court that the law of this circuit governs the merits of Chazen's claim.").

The government notes that all the cases applying the law of the court of incarceration to determine the scope of the savings clause did so without analysis and urges this Court to undertake such analysis. But the government does not make any *legal* argument as to why the law of the court of conviction should apply. So long as defendants are required to file their initial § 2255 petitions in the court of conviction, but are then required to file their savings clause petition in the court of incarceration, this Court sees no inherent contradiction in applying the law of two different circuits. Indeed, the relevant statutes seem to contemplate it as a possibility. The Court also sees no reason why a decision on an initial § 2255 petition must in some way comport with the decision on the savings clause petition. There is no statutory connection

4

between the two decisions with the potential to create a conflict of adjudication in violation of estoppel or preclusion doctrines. And regardless of the how broadly the savings clause is applied, the relevant substantive law—the Tenth Circuit's interpretation of federal and Oklahoma criminal law—continues to apply. Indeed, the government concedes that if the Tenth Circuit were to reach the substance of Haynes's *Mathis*-based claim, the Tenth Circuit would grant Haynes's petition just like the Seventh Circuit.

The government argues that asking a district court to apply the law of a different circuit is not unusual. But the government cites only one inapposite example. In *Eckstein v Balcor Film*, the Seventh Circuit held that "we must examine how a judge in the Central District of California would have viewed the limitation question on the [relevant date]." 8 F.3d 1121, 1126 (7th Cir. 1993). But that case was governed by a federal statute that "recognized that different circuits had taken different approaches to the appropriate statute of limitations," and "codified this fractured nature of federal law." *Id*. at 1126. There is no analogous codification of the circuit split over interpretation of the savings clause that requires this Court to apply Tenth Circuit law.

At bottom, Haynes is fortunate he ended up confined in the Seventh Circuit. And the Court is unaware of any authority prohibiting Haynes from benefiting from this circumstance. So the Court will follow the normal course of applying Seventh Circuit precedent in interpreting the scope of 28 U.S.C. § 2255(e). As the government concedes, that precedent requires the Court to grant Haynes's petition, vacate his

5

sentence, and order re-sentencing according to a statutory maximum of 120 months. The Court directs the Clerk of Court for this District to transfer this case to the Western District of Oklahoma, where re-sentencing in Haynes's criminal matter, CR-12-108-F, should be held in accordance with this order. *See Webster v. Daniels*, 784 F.3d 1123, 1146 (7th Cir. 2015).

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: September 2, 2020

6